UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00074-GNS-HBB

GREEN RIVER MARINA, LLC                                                                 PLAINTIFF

V.

DON MEREDITH, and
BANK OF AMERICA CORPORATION                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Partial Summary Judgment filed by Defendant Bank of America, N.A., erroneously designated as Bank of America Corporation, ("Bank of America"). (DN 11). The motion has been fully briefed and is ripe for a decision. For the reasons stated below, the Court **GRANTS** the motion.

### I. SUMMARY OF FACTS AND CLAIMS

On July 12, 2006, Defendant Don Meredith ("Meredith") entered into a First Preferred Ship Mortgage with Defendant Bank of America for the watercraft "Copacetic." On May 6, 2014, Plaintiff Green River Marina, LLC filed a complaint in Taylor Circuit Court against Meredith and Bank of America asserting that Meredith owns a watercraft named Copacetic that at one point was, and apparently continues to be, moored at the Green River Marina. The suit further alleged that Meredith "has failed and refused to pay for moorage fees, fees for electrical services, and other fees and expenses associated with mooring the vessel in accordance with his agreement with the Plaintiff." (Compl. 6-7, DN 1-1). Plaintiff alleges that Meredith owes Plaintiff $27,673.89, that Plaintiff has a lien on the vessel accordingly, and that while Bank of

America may have a security interest in the vessel, it is inferior to Plaintiff's lien. (Compl. 7*)*. Plaintiff requests judgment against Meredith for the sums owed, an order directing the sale of the vessel in order to satisfy the sums owed, a reasonable attorney's fee, and any and all other appropriate relief. (Compl. 7).

On June 11, 2014, Bank of America filed a notice of removal to the United States District Court for the Western District of Kentucky. (DN 1). On November 17, 2014, Bank of America filed a Motion for Partial Summary Judgment alleging that Plaintiff's lien is inferior to Bank of America's lien pursuant to the Federal Maritime Liens Act ("FMLA"), 46 U.S.C. §§ 31301-31343. (DN 11). Plaintiff filed its Response on December 15, 2014. (DN 17). Defendant Bank of America did not file a reply.

## II. **JURISDICTION**

This case involves the priority of a lien arising under the FMLA. This Court has original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction . . . ." 28 U.S.C. § 1333(1).

## III. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "looking to the record as a whole, a reasonable mind could come to only one conclusion." *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 186 (6th Cir. 1993). "When moving for summary judgment the movant has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Solutions Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986)). "The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists 'a genuine issue for trial.'" *Id.* (citing *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004)).

## IV. **DISCUSSION**

Under the FMLA, a preferred mortgage is a mortgage that fulfills three criteria: i) it includes the whole of the vessel; ii) it is filed in substantial compliance with 46 U.S.C. § 31321; and iii) it covers a documented vessel. 46 U.S.C. § 31322. Section 31321(b) lists the six pieces of information that an instrument must contain to be properly registered. It provides:

> To be filed, a bill of sale, conveyance, mortgage, assignment, or related instrument must—
>
> (1) identify the vessel;
> (2) state the name and address of each party to the instrument;
> (3) state, if a mortgage, the amount of the direct or contingent obligations (in one or more units of account as agreed to by the parties) that is or may become secured by the mortgage, excluding interest, expenses, and fees;
> (4) state the interest of the grantor, mortgagor, or assignor in the vessel;
> (5) state the interest sold, conveyed, mortgaged, or assigned; and
> (6) be signed and acknowledged.

46 U.S.C. § 31321(b). The mortgage held by Bank of America meets all of these requirements. (DN 11-7 at 2-6). It is, therefore, a preferred mortgage.

Upon sale of the vessel by a district court, a preferred mortgage has priority over all claims "except for expense and fees allowed by the court, costs imposed by the court, and preferred maritime liens." 46 U.S.C. § 31326(b)(1). A preferred maritime lien is, *inter alia*, "a maritime lien on a vessel . . . arising before a preferred mortgage was filed under section 31321 of this title." 46 U.S.C. § 31301(5)(A). The definition of preferred maritime lien does not include maritime liens arising from non-payment of necessary expenses. To the contrary, 46 U.S.C. §

31342 states that: "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner . . . has a maritime lien on the vessel." 46 U.S.C. § 31342. While Congress could have declared such a lien to be a *preferred* maritime lien, it did not.

Plaintiff has not alleged that its lien arose prior to Bank of America's preferred mortgage; it would be surprising indeed if Meredith had incurred a lien for necessities prior to financing the purchase of the vessel. Therefore, Plaintiff's lien for necessities arose *after* Bank of America registered its preferred mortgage in accordance with 46 U.S.C. § 31321. Under federal law, a non-preferred maritime lien for necessities arising after a preferred mortgage is inferior to a preferred mortgage. *See* 46 U.S.C. § 31326(b)(1); *Midlantic Nat'l Bank v. Sheldon*, 751 F. Supp. 26, 28-29 (E.D.N.Y. 1990). Plaintiff concurs and admits in its response that its lien is inferior to that held by Bank of America. (DN 17).

### V. **CONCLUSION**

For the forgoing reasons, Bank of America, N.A. has a preferred mortgage in Copacetic that is superior to any lien or claim that Green River Marina, LLC may have on the proceeds from the sale of the watercraft. Accordingly, **IT IS HEREBY ORDERED THAT** Defendant Bank of America's Motion for Partial Summary Judgment (DN 11) is **GRANTED**.

Greg N. Stivers, Judge
United States District Court

March 18, 2015

cc: counsel of record