UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00074-GNS-HBB

GREEN RIVER MARINA, LLC                                                                                   PLAINTIFF

v.

DON MEREDITH, and
BANK OF AMERICA, N.A.                                                                                      DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Plaintiff Green River Marina, LLC's Motion for Confirmation of Sale and Disbursement of Funds (DN 44), Defendant Bank of America, N.A.'s Objections (DN 45), Plaintiff's Updated Report of Costs (DN 50), and Defendant's Objections to the Updated Report of Costs (DN 51). For the reasons outlined below, the motion is **GRANTED**, and the objections are **OVERRULED**.

### I.     BACKGROUND

Plaintiff Green River Marina, LLC ("GRM") filed this action in Taylor Circuit Court against Defendants Don Meredith ("Meredith") and Bank of America, N.A. ("BANA") seeking to enforce its rights in a lien on the vessel Copacetic, Hull No. MWC60352L586 ("the Vessel"). (Notice of Removal Ex. A, DN 1-1 [hereinafter Compl.]). BANA subsequently removed the case to this Court. (Notice of Removal, DN 1). On May 26, 2016, this Court granted a default judgment against Meredith and awarded a first lien on the Vessel to BANA and a second lien to GRM. (Default J. & Order of Sale 2, DN 35). In the Order, the Court ordered the public sale of the Vessel and directed the Marshal to deliver the proceeds of the sale, "after first deducting

Marshal's expenses, court costs and attorney's fees, first to Defendant Bank of America, N.A., and secondly to the Plaintiff, Green River Marina." (Default J. & Order of Sale 4-5). Thereafter, the Clerk of the Court issued a warrant of arrest *in rem* on the Vessel to the Marshal of the Western District of Kentucky. (Warrant of Arrest *In Rem*, DN 38). The Court appointed GRM as substitute custodian of the Vessel to be compensated at a rate of $25.00 per day. (Order Appointing Substitute Custodian, DN 42).

The public sale of the Vessel was held on September 23, 2016, at the William H. Natcher Federal Building in Bowling Green, with prior published notice. (Marshal's Report of Sale 1, DN 47). The only and highest bidder was GRM, and the Vessel was thereby sold to GRM for $10,000. (Marshal's Report of Sale 1). GRM subsequently filed a motion for disbursement of funds seeking confirmation of the sale, an authorization of payment of costs and fees, direction of the bill of sale and distribution of proceeds. (Pl.'s Mot. Disbursement Funds, DN 44, [hereinafter Pl.'s Mot.]). BANA filed its objections thereto. (Def.'s Obj. Pl.'s Mot. Disbursement Funds, DN 45 [hereinafter Def.'s Obj.]).

## II.  DISCUSSION

### A.  BANA's lien is extinguished upon sale of the Vessel

BANA argues that its preferred mortgage lien in the Vessel is not extinguished by the sale because this Court previously ruled that BANA holds "a preferred mortgage in Copacetic that is superior to any lien or claim that [GRM] may have on the proceeds from the sale of the watercraft."[1] (Order 4, DN 19). This Court's ruling that BANA had priority in the proceeds of

---

[1] BANA does not cite to any authority for this proposition. The only support BANA has for its argument is that the Default Judgment and Order of Sale by this Court did not explicitly state that the lien would be extinguished upon the sale of the vessel. (Def.'s Obj. 5). As GRM points out, the Order also did not state explicitly that it would *not* be extinguished. (Pl.'s Reply Def.'s

2

the Vessel does not equate with the notion that BANA's lien remains on the Vessel after the sale is completed.

BANA's contention is answered by 46 U.S.C. § 31326(a), which provides:

> When a vessel is sold by order of a district court in a civil action *in rem* brought to enforce a preferred mortgage lien or a maritime lien, *any claim in the vessel existing on the date of sale is terminated*, including a possessory common law lien of which a person is deprived under section 31325(e)(2) of this title, and the vessel is sold free of all those claims.

46 U.S.C. § 31326(a) (emphasis added); *see also United States v. The Zarco*, 187 F. Supp. 371, 374 (S.D. Cal. 1960) ("It is hornbook law that a sale of a vessel *in rem* passes title thereto free of all liens."); *Avondale Shipyards v. Tank Barge ETS 2303*, No. CIV.A. 82-1347, 1987 WL 4858, at *6 (E.D. La. May 27, 1987) ("In addition, there is little question but that the judicial sale of a vessel automatically discharges all prior liens against that vessel." (citations omitted)). GRM brought this action to enforce its "contractual and statutory lien on the vessel." (Compl. ¶ 10; Warrant Arrest *In Rem*). The sale of the Vessel occurred on September 23, 2016, pursuant to this Court's Order of Sale. (Mot. Confirmation Sale, DN 44; Order Sale, DN 35). Thus, in accordance with 46 U.S.C. § 31326, BANA's preferred mortgage lien in the Vessel was terminated on September 23, 2016, and attached to the proceeds of the sale. *See* 46 U.S.C. § 31326(b) ("Each of the claims terminated under subsection (a) of this section attaches, in the same amount and in accordance with their priorities to the proceeds of the sale . . . .").

### B. Costs of Sale and Custodial Fees

GRM does not dispute that BANA has priority in the proceeds of the sale, but contends that it is entitled to a total of $3,653.52 from the distribution of the proceeds because of this Court's Order. (Default J. & Order Sale 4-5). Specifically, GRM claims $1,853.52 in expenses

---

Obj. Pl.'s Mot. Disbursement Funds 6, DN 47 [hereinafter Pl.'s Reply]). Thus, the Court finds BANA's argument unconvincing.

3

associated with the sale of the Vessel which were advanced to the Marshal (i.e., insurance, advertising, and auction costs) and custodial fees at a rate of $25 per day starting August 2, 2016, and ending October 13, 2016 (the date GRM filed its motion for disbursement of funds) for an additional $1,800. (Pl.'s Mot. ¶ 5; Updated Report Costs, Ex. B, DN 50-2). Section 31326 provides that "the preferred mortgage lien . . . has priority over all claims against the vessel (*except for expenses and fees allowed by the court, costs imposed by the court*, and preferred maritime liens) . . . ." 46 U.S.C. § 31326(b)(1) (emphasis added).

As noted above, the Court has previously determined the priority between BANA and GRM with BANA receiving its share of the proceeds after the deduction of the costs of sale before GRM receives any funds. (Default J. & Order Sale 4-5). The Court specifically stated that "[a]ll charges incurred by [GRM] in connection with the advertisement of the sale shall be considered expenses of sale. Furthermore, the Marshal is authorized to receive advances to maintain and protect the vessel while in the custody of the Court, and to repay such advances out of the proceeds of the sale of said vessel as expenses of sale." (Default J. & Order Sale 4).

GRM's advanced expenses to the United States Marshals Service ("USMS") are listed in its Report of Costs as follows:

| Expenses Incurred | Amount |
|---|---|
| Arrest of Vessel on July 21, 2016 | $346.40 |
| July Insurance | $72.00 |
| August Insurance | $186.00 |
| September Insurance | $138.00 |
| Auction of Vessel on September 23, 2016 | $897.72 |
| USMS Commission – 3% of first $1,000 of proceeds | $30.00 |
| USMS Commission – 1.5% of proceeds over the first $1,000 | $135.00 |
| Administrative Fees | $48.40 |
| **TOTAL** | **$1853.52** |

4

(Updated Report Costs, Ex. A, DN 50-1).  GRM advanced these fees to the Marshal pursuant to the request of the Marshal's office.  These payments were made by GRM to the Marshall's office:

| Payments Received | Amount |
|---|---|
| Paid by GRM to USMS on July 22, 2016 | $742.40 |
| Paid by GRM to USMS on September 12, 2016 | $606.40 |
| Paid by GRM to USMS on September 23, 2016 | $504.72 |
| **TOTAL** | **$1853.52** |

(Pl.'s Mot. Ex 1, DN 44-1 [hereinafter Report of Costs]; Updated Report of Costs, Ex. B, DN 50-2).  Pursuant to this Court's order authorizing the Marshal to receive such advances, and to repay the advances out of the proceeds, the Court holds that GRM is entitled to the costs advanced to the Marshal, *less* the Marshal's commission for the sale of the Vessel of $165.00.  See 28 U.S.C. § 1921(c)(1) (providing that the United States Marshal is entitled to a commission for its public sale of the vessel at a rate of 3% of the first $1000 and 1.5% of amounts over $1000).  Therefore, GRM is entitled to $1,688.52 in advanced costs to be repaid from the proceeds of the sale.

Next, BANA objects to the amount of fees requested by GRM pursuant to its role as substitute custodian.  On August 3, 2016, the Court appointed GRM as the custodian of the Vessel to retain the same in its custody for possession and safekeeping at the rate of at the rate of twenty five dollars ($25.00) per day . . . ." (Order Appointing Substitute Custodian 1).  BANA argues that the calculation of this fee should end on September 23, 2016, the date in which the Vessel was sold to GRM at the public sale.  (Def.'s Obj. 6; Marshal's Report Sale 1).  The Court finds that this calculation is reasonable considering that GRM, as the substitute custodian, already had the Vessel in its possession when it purchased the Vessel at the public sale. Although GRM contends that it is entitled to custodian fees until the Bill of Sale is delivered, the Court in its discretion rules that GRM is only entitled to payments as substitute custodian of the

5

Vessel until the date it purchased the Vessel at public auction. The Court believes that this holding comports with the purpose of *in custodia legis* expenses which is to benefit *all* parties involved. *See Oil Shipping (Bunkering) B.V. v. Royal Bank of Scotland plc*, 817 F. Supp. 1254, 1260 n.8 (E.D. Pa. 1993) ("[T]he ability of the substitute custodian to incur administrative expenses is limited to legitimate expenses that benefit all the interested parties and are necessary for the due care and preservation of the vessel." (citations omitted)). Once the Vessel was sold at auction and BANA's lien was extinguished, BANA no longer had an interest in the preservation of the Vessel. Thus, the Court holds that GRM is entitled to $1,300.00 in custodial fees.[2]

Therefore, GRM is entitled to $1,300 in custodial fees combined with $1,688.52 in advanced expenses for a total of $2,988.52 to be distributed from the proceeds of the sale.[3]

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Confirmation of Sale and Disbursement of Funds (DN 44) is **GRANTED**, and Defendants' Objections (DN 45, 51) are **OVERRULED**.

2. The sale of the Vessel by the United States Marshal for the Western District of Kentucky on September 23, 2016, to Plaintiff Green River Marina, LLC, for the sum of $10,000.00 is now hereby **CONFIRMED**.

---

[2] This amount is based on the $25.00 per diem for the time period of August 3, 2016, through September 23, 2016 (52 days).

[3] BANA contends that GRM's reimbursement of the advanced expenses paid and its custodial fee should be divided in half to reflect GRM's obligation "to pay a portion of the fees and expenses associated with the arrest, storing and sale of the Vessel." (Def.'s Obj. Pl.'s Updated Report Costs 4, DN 51-1). Yet, BANA cites to no authority to support the proposition that GRM is not entitled to 100% of the costs expended as custodian of the vessel. Moreover, these costs are not paid by BANA—as BANA seems to suggests—but are taken out of the proceeds of the sale of the vessel as this Court previously ordered. (Default J. & Order Sale 4).

3. The United States Marshal for the Western District of Kentucky is directed to prepare and deliver to Plaintiff Green River Marina, LLC a Bill of Sale for the Vessel, which is free and clear of all liens, encumbrances or claims of right of any party to this proceeding.

4. The United States Marshal for the Western District of Kentucky is hereby **ORDERED** to disburse the TEN THOUSAND DOLLARS ($10,000), now in the hands of the United States Marshal for the Western District of Kentucky in the following manner:

    a. To Plaintiff Green River Marina, the sum of TWO THOUSAND NINE HUNDRED AND EIGHTY-EIGHT DOLLARS and FIFTY-TWO CENTS ($2,988.52). This sum represents Plaintiff Green River Marina, LLC's advanced expenses paid to the Marshal in association with the sale of the vessel ($1,688.52) and for Plaintiff's fee for acting as substitute custodian of the Vessel ($1,300.00).

    b. The United States Marshal for the Western District of Kentucky shall retain ONE HUNDRED AND SIXTY-FIVE DOLLARS and NO CENTS ($165.00) as its commission for the public sale of the Vessel pursuant to 28 U.S.C. § 1921(c)(1).

    c. The remaining funds of SIX THOUSAND EIGHT HUNDRED FORTY-SIX and FORTY-EIGHT CENTS ($6,846.48) to Defendant Bank of America, N.A.

**Greg N. Stivers, Judge**
**United States District Court**
March 22, 2017

cc: counsel of record
    Don Meredith, *pro se*

7